FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By cneibel at 4:24 pm, Mar 08, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 CASE |
| WILLIAM B. BARKER | ) | NUMBER <u>10-60962</u> |
| BRENDA G. BARKER | ) | |
| | ) | |
| Debtors | ) | |

## ORDER STRIKING PROOF OF CLAIM

This matter is before me sua sponte on the non-compliance of attorney Elizabeth Whealler with the mandatory electronic filing procedures of the United States Bankruptcy Court for the Southern District of Georgia ("Bankruptcy Court").

In accordance with Rule 5005(a)(2) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Court has established practices and procedures that require, with exceptions not relevant here, the electronic filing of all documents submitted to the Court:

> Unless otherwise expressly provided . . . all petitions, motions, memoranda of law, claims, or other pleadings and documents shall be filed electronically using the Electronic Case Files (ECF) system, or shall be scanned and uploaded, unless otherwise required or permitted by the Court.

AO 72A
(Rev. 8/82)

ECF Local Rule 1, effective October 1, 2010, http://www.gasb.uscourts.gov/pdf/ECF_LocalRules.pdf. The Court may authorize conventional filing upon application and for good cause shown. Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means § III, http://www.gasb.uscourts.gov/pdf/MandatoryAdministrativeProcedures_October2010.pdf.

The electronic filing requirement applies to all attorneys, whether or not admitted to practice in the Southern District of Georgia. See id. § II.A.1.b. ("A judicial waiver will be required for attorneys to file documents conventionally.") Moreover, specifically as to proofs of claim, "Attorneys that file claims for themselves, their firms, or on behalf of any other entity must file all claims electronically . . . ." Id. at § II.A.1.g.

Notwithstanding the provisions of ECF Local Rule 1 and the Administrative Procedures, Whealler, who is not admitted to practice in the Southern District, conventionally filed a proof of claim for creditor Chrysler Financial Services Americas LLC without first seeking permission of the Court. Accordingly, the Clerk's office on November 15, 2010, issued a Notice of Non-Compliance with Mandatory Electronic Filing that provided in

2

relevant part that Whealler had fourteen days to comply with the electronic filing requirements or, if unable to comply, would be permitted to file a request for leave to file conventionally.

Whealler did not respond to the notice. A hearing was set for Whealler to show cause why she should be permitted to file conventionally. Whealler did not appear at the hearing.

Whealler thus having failed to comply with the mandatory electronic filing procedures of the Bankruptcy Court and having failed to appear at the show cause hearing, the proof of claim of Chrysler Financial Services Americas LLC in the amount of $23,495.68 is **ORDERED STRICKEN**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 8 day of March, 2011.